UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1482 PA (PDx) | Date | September 7, 2023 |
|---|---|---|---|
| Title | Oren Lavie v. Casio America, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **IN CHAMBERS — COURT ORDER**

Plaintiff Oren Lavie ("Plaintiff") initiated this action on March 1, 2023 against defendant Casio America, Inc. ("Defendant Casio America").  (Docket No. 2).  Plaintiff served Defendant Casio America on March 15, 2023 (Docket No. 8).  On May 25, 2023, Plaintiff filed a First Amended Complaint to add a new defendant Casio Computers Co. Ltd. ("Defendant Casio Computers").  (Docket No. 18).  On May 25, 2023, the Court struck the First Amended Complaint for failure to comply with Federal Rule of Civil Procedure 15(a) (2).  Pursuant to Court order, Plaintiff re-filed the First Amended Complaint ("FAC") on June 2, 2023 against Defendants Casio America and Casio Computers. On June 22, 2023, Defendant Casio America filed a Motion to Dismiss the FAC.  On July 24, 2023, the Court granted Defendant Casio America's Motion to Dismiss the FAC without prejudice.  On August 4, 2023 Plaintiff filed a Second Amended Complaint ("SAC") against Defendant Casio Computers.  The SAC alleges that Defendant Casio Computers is Japanese corporation with its principal place of business in Tokyo, Japan.  (SAC ¶ 11).

On August 29, 2023, the Court issued an Order to Show Cause Regarding Dismissal for Lack of Prosecution ("OSC") based on Plaintiff's failure to serve Defendant Casio Computers. On September 1, 2023, Plaintiff's counsel filed a declaration in response to the OSC, explaining that he had obtained a translated copy of the SAC and initiated service on September 1, 2023 pursuant to the Hague Convention.  Counsel also stated that the process service company informed him that service would take approximately three to six months.  (Plaintiff's Response at ¶¶ 11-13).

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the complaint.  This rule, however, does not apply to the authorized service of a corporation in a foreign country.  Rule 4(m).  Even though the 90-day deadline for serving process does not apply to service abroad, "if service in a foreign country is not pursued in a diligent fashion, the district court can dismiss the action because of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1482 PA (PDx) | Date | September 7, 2023 |
|---|---|---|---|
| Title | Oren Lavie v. Casio America, Inc. | | |

plaintiff's failure to prosecute." 4B Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure: Federal Rules of Civil Procedure § 1137 (4th ed.) (footnotes omitted).

  Here, although Plaintiff first named Casio Computers as a defendant in May 2023, it did not begin attempting to serve Casio Computers in accordance with the Hague Convention until September 2023. Despite this delay, because Plaintiff was pursuing claims against an affiliated entity, the Court will allow Plaintiff additional time to serve Casio Computers, but cautions Plaintiff that it must do so diligently. The Court orders Plaintiff to file a further response to the Order to Show Cause no later than December 11, 2023. Failure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the SAC.

  IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | KSS | |